Tr. Ct. No. 967450-C

Please Find Enclosed

A copy of my "Clarification of Issues".
It appears that the paperwork has been crossing in the mail.
I was informed by the District Court that my Writ of habeas
Corpus and their response was sent to The Court of Criminal Appeals.
So I sent the Clarification of Issues To the Court of Criminal
Appeals. I was informed that it was not there, "my 11.07." And so
the Clarification of Issues was sent back to me saying there
Was no record of my writ.
   I then sent the Clarification of Issues to the 185th
District Court, But Now today 10-14-15 I receive a white card
saying my 11.07 has been received. So I'm sending the Clarification
of Issues back to the Court of Criminal Appeals. Asking that it be
added and concider please.
   Thank you for your time and Effort!

                                        Sincerely,
                                        Willie J. McAdams

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 19 2015

Abel Acosta, Clerk

IN THE 185 TH DISTRICT COURT
HARRIS COUNTY, TEXAS

EX PARTE §
§
WILLIE JOE MCADAMS §
§     CAUSE NO.   967450-C
APPLICANT §
§
§
§

APPLICANT'S CLARIFICATION OF ISSUES - IN ANSWER
TO STATE'S ORIGINAL ANSWER

COMES NOW WILLIE JOE MCADAMS, APPLICANT, hereafter Mcadams and does file this clarification of issues, as from the reading of the State's Original Answer there appears to be a misconception as to the issue(s) that Applicant has brought forth.

Applicant is a novice in law and not schooled in the practice of law and begs the Court's indulgence if he has duplicated issues alleged in his writ but felt that a clarification was necessary.

(1) The vehicle prescribed to challenge an actual innocence of habitual offender enhancement is a habeas corpus. McAdams is not challenging his conviction, but the fact that he is actually innocent of the enhancement to habitual offender in that the State used a state jail felony and non-state felony to enhance a state jail felony to a third degree felony.

Such a enhancement is not allowed under statue or under case law by the Texas Criminal Court of Appeals. In addition the unlawful enhancement carried a four year sentence which Applicant served day for day and which exceeded the maximum of two years for a state jail felony, so was in effect a void sentence.

The state then used this void sentence in combination with a non state felony to enhance the instant case. McAdams would urge that you cannot use a void sentence as an enhancement and any enhancement done using a void sentence would in and of itself be void, and a void sentence can be challenged at any time.

McAdams would also state that such manipulation by the state offends the Due Process requirments under the Fourteenth Amendment of the United States and would therefore constitute grounds for a subsequent writ in that any rational juror upon learning of the prohabition of using a non-state jail felony and a state jail felony to enhance as a habitual offender could not

1.

have found McAdams guilty of an enhancement to habitual offender.

(2) In his initial writ McAdams alleged ineffective assistance of counsel in that she was unaware that a non jail felony and a state jail felony could not be combined to enhance as a habitual offender.

The Court held that while the first prong of Strickland had been met, that McAdams could not demonstrate any prejudice in that his sentence fell within the range of punishment if not enhanced.

This decision was contary to existing Texas Court of Criminal Appeals decisions in which the Court held that indeed there is prejudice due to enhancement and in fact that is the purpose of enhancement.

McAdams was relying on these decisions and predicates to satisfy the second prong of Strickland, and while he did not state this in his writ it was felt that it was self-evident under existing case law that indeed there was prejudice.

McAdams would submit that this then satisfys the second prong of Strickland and there is therefore also a Sixth Amendment violation as well.

That said McAdams would urge the Court that there is a preponderance of evidence, i.e. Texas Statute, and case law by the Texas Criminal Court of Appeals that the enhancement of McAdams was unlawful, and therefore no reasonable juror could have found McAdams of the habitual Offender enhancement. In addition McAdams has shown the Court two Constitutional violations.

With respect McAdams would also submit that there is a third reason the Court might entertain a subsequent writ that being the establishment that the "Ends of Justice". so require. Burger v. Zant, 984 F.2d 1129 (CA11 1993)

McAdams would hope that this clarification of issues has been useful and appologizes for any redundancy.

McAdams doe swear under penalty of perjury that a true and correct copy of this Clarification of Issues has been sent to, Andrew Smith, Asst. District Attorney, Harris County, Texas, 1201 Franklin, Ste. 600, Houston, Texas.

SIGNED this    day of September, 2015.            Respectfully Submitted,

Willie Joe McAdams 1221734
Jester III Unit
3 Jester Rd.
Richmond, Texas 77406

2.